1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ANGEL GARCIA,                              CASE NO. CV-F-03-6320 OWW WMW HC

12              Petitioner,                      FINDINGS AND RECOMMENDATIONS RE
                                                 PETITION FOR WRIT OF HABEAS CORPUS
13
        vs.
14
     D.L. RUNNELS, Warden,
15
                Respondent.
16   _____/

17

18          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant

19   to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C.

     § 636(b)(1)(B) and Local Rule 72-302.
20
                                    **PROCEDURAL HISTORY**
21
            Following a jury trial in Tulare County Superior Court, Petitioner was convicted of murder ,
22
     Penal Code Section 187(a), personally discharging a firearm, Penal Code Section 12022.53(d), and
23
     being a felon in possession of a firearm, Penal Code Section 12021.  Petitioner was sentenced to 50
24
     years to life imprisonment.
25
            Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District
26
     ("Court of Appeal").  The court affirmed Petitioner's conviction and sentence in an unpublished opinion
27
     in case number F037374.  Petitioner filed a petition for review with the California Supreme Court,
28

                                              1

1   which denied the petition without comment.

2        Petitioner next filed the present petition for writ of habeas corpus with this court.  Respondent

3   opposes the petition.

4                              **FACTUAL BACKGROUND**

5        The court finds the Court of Appeal correctly summarized the facts in its June 26, 2002 opinion.

6   Thus, the court adopts the factual recitations set forth by the  Court of Appeal.

7                              **STANDARD OF REVIEW**

8   A.  JURISDICTION

9        Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to

10  the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the

11  United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct. 1495, 1504

12  fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States

13  Constitution.  In addition, the conviction challenged arises out of the Tulare  County Superior Court,

14  which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the

15  court has jurisdiction over the action.

16       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

17  ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v.

18  Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997);

19  Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769

20  (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh

21  v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after

22  statute's enactment).  The instant petition was filed on September 25, 2003, after the enactment of the

23  AEDPA, thus it is governed by its provisions.

24  B.  STANDARD OF REVIEW

25       This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

26  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

27  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

28       The AEDPA altered the standard of review that a federal habeas court must apply with respect

                                        2

1    to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v. Taylor</u>, 120 S.Ct.

2    1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless

3    the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable

4    application of, clearly established Federal law, as determined by the Supreme Court of the United

5    States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light

6    of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d);  <u>Lockyer v. Andrade</u>,

7    123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in <u>Van Tran v. Lindsey</u>, 212

8    F.3d 1143 (9th Cir. 2000)); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court

9    may not issue the writ simply because that court concludes in its independent judgment that the relevant

10   state-court decision applied clearly established federal law erroneously or incorrectly."  <u>Lockyer</u>, at

11   1174 (citations omitted).  "Rather, that application must be objectively unreasonable."  <u>Id.</u> (citations

12   omitted).

13         When the California Supreme Court's opinion is summary in nature,  this court "looks through"

14   that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court

15   to have issued a reasoned opinion. <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct.

16   2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher

17   court agrees with lower court's reasoning where former affirms latter without discussion); <u>see also</u>

18   <u>LaJoie v. Thompson</u>, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned

19   state court opinion in determining whether state court's rejection of petitioner's claims was contrary to

20   or an unreasonable application of federal law under § 2254(d)(1)).

21         While habeas corpus relief is an important instrument to assure that individuals are

22   constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

23   <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction

24   is the primary method for a petitioner to challenge that conviction.  <u>Brecht v. Abrahamson</u>, 507 U.S.

25   619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be

26   presumed correct, and the federal court must accept all factual findings made by the state court unless

27   the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C.

28   § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769 (1995); <u>Thompson v. Keohane</u>, 516 U.S.

3

1    99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380, 1388 (9th Cir. 1997).

2    **DISCUSSION**

3    <u>Instruction with CALJIC 2.28</u>

4    _____Petitioner contends that he was deprived of his Sixth Amendment right to present a defense when

5    the trial court instructed the jury pursuant to CALJIC No. 2.28 that the defense had failed to timely

6    provide discovery concerning statements by Marianne Gonzales and Raquel Alejandrez.  Petitioner

7    argues that the instruction was erroneous because state law did not actually require disclosure of these

8    statements.  This contention was addressed and rejected by the Court of Appeal in Petitioner's direct

9    appeal.

10    Petitioner's entire argument concerns the interpretation of state law.   Therefore, for the court

11    to address this contention, it would be forced to interpret state, rather than federal, law.  However, a

12    federal court has no basis for disputing a state's interpretation of its own law.  <u>Clemons v. Mississippi</u>,

13    494 U.S. 738, 739-40 (1990); <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990) (federal habeas court must

14    respect a state court's application of its own law and must not engage in *de novo* review).  Therefore,

15    this court must conclude that Petitioner's claim regarding the giving of CALJIC 2.28 presents no basis

16    for habeas corpus relief.

17    <u>Admission of Evidence Concerning Gang Affiliation</u>

18    Petitioner contends that the trial court committed prejudicial error in violation of his right to due

19    process when it permitted Gilberto  Reynoso to indirectly comment on Petitioner's status as a gang

20    member, and then did not sua sponte give a limiting instruction.  The Court of Appeal rejected this

21    claim, stating in part:

22    > Although the testimony of G.R. was evidence that defendant was associated with gang members
     > and had the potential for implying that defendant was a gang member, the testimony was very

23    > limited and vague on the question of defendant's gang affiliation.  There was no direct testimony
     > that defendant was a gang member.  In addition, the evidence of gang affiliation was highly

24    > probative in explaining why defendant would talk to a stranger in jail about the killing he was
     > accused of committing.   The trial court did not abuse its discretion when it admitted the

25    > testimony of G.R. regarding gang affiliation.
     > Defendant claims that the court did not give a limiting instruction regarding the gang

26    > evidence; thus the jury was able to consider it for all purposes, including impermissible ones
     > relating to his character.  This lightened the prosecution's burden of proof, he argues, and thus

27    > the improper admission of the evidence violated his right to a fair trial.
     > As previously discussed, the trial court properly admitted the gang evidence.

28    > Furthermore, "[a]lthough the court must instruct the jury on the general principles of law

4

1  applicable to a case, this obligation does not extend to instructions limiting the purposes for
2  which particular evidence may be considered." (*People v. Farley* (1996) 45 Cal.App.4th 1697, 1711.)

3  Unpublished opinion in case number F037374, 11.

4      Generally, the admissibility of evidence is a matter of state law, and is not reviewable in a federal
5  habeas corpus proceeding. Estelle, 112 S.Ct. at 477; Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.),
6  *cert. denied,* 478 U.S. 1021 (1985).  Nevertheless, there can be habeas relief for the admission of
7  prejudicial evidence if the admission was fundamentally unfair and resulted in a denial of due process.
8  Estelle, 112 S.Ct. at 482; Pulley v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 874 (1984); Walters v. Maas,
9  45 F.3d 1355, 1357 (9th Cir. 1995); Jeffries v. Blodgett, 5 F.3d 1180, 1192 (9th Cir. 1993), *cert. denied*,
10  510 U.S. 1191, 114 S.Ct. 1294 (1994); Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990).  However,
11  the failure to comply with state rules of evidence alone is neither a necessary nor a sufficient basis for
12  granting federal habeas relief on due process grounds.  Jammal v. Van de Kamp, 926 F.2d 918, 919-920
13  (9th Cir. 1991).  Only if there are no permissible inferences that the jury may draw from the evidence
14  can its admission rise to the level of a due process violation.  Id. at 920.

15      Under this standard, the court finds that Petitioner has not carried his burden of showing that the
16  adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable
17  application of, clearly established Federal law, as determined by the Supreme Court of the United
18  States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light
19  of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Petitioner has
20  demonstrated no error on the part of the trial court in concluding that the evidence was gang affiliation
21  was probative on the issue of why he would talk to a stranger about a killing he was accused of
22  committing.  Further, as the Court of Appeal found, because Petitioner failed to request a limiting
23  instruction, he "is barred from complaining of the absence of one."  Jammal, 926 F.2d at 920 n.2.
24  Accordingly, the court concludes that this contention provides no basis for habeas corpus relief.

25      Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas
26  corpus be DENIED and that judgment be entered for Respondent.

27      These Findings and Recommendation are submitted to the assigned United States District Court
28  Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules

5

1   of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days

2   after being served with a copy, any party may file written objections with the court and serve a copy on

3   all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

4   Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus

5   three days if served by mail) after service of the objections.  The court will then review the Magistrate

6   Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

7   objections within the specified time may waive the right to appeal the District Court's order.  Martinez

8   v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9   IT IS SO ORDERED.

10   **Dated:    April 24, 2006**              **/s/  William M. Wunderlich**
     mmkd34                                UNITED STATES MAGISTRATE JUDGE